J. J. RANDALL

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

GOVERNMENTAL FUNCTION—*Lincoln State School and Colony.* The State in conducting the Lincoln State School and Colony exercises a governmental function and is not liable for injuries received by its employes in the discharge of their duty.

KNOWLEDGE OF DANGER—*claimant assumed risk of injury.* Where the claimant had knowledge of the dangerous propensities of the animal he impliedly accepted the possible danger attending his employment.

SOCIAL JUSTICE AND EQUITY—*compensation may be awarded.* In the absence of legal liability of the State the Court upon grounds of equity and social justice may allow to a claimant compensation for injuries received.

Edward J. Brundage, Attorney General, for State.

This is a claim presented by J. J. Randall by reason of injuries sustained by him in the course of his employment at the Lincoln State School and Colony, an institution maintained and under the control of the State of Illinois. This claimant described his employment as being "Head Farmer" and by virtue of such employment it became and was his duty to direct the labor necessary to operate the farming enterprise connected with said institution; that on the 25th day of April, A. D. 1914, while engaged in driving a certain draft team, an animal hitched on the left side of said team was a mule, the claimant maintained that the mule was vicious and dangerous to handle, drive, work or be about; that the said mule kicked the claimant, thereby breaking and fracturing the left forearm and chipped the upper bone on said forearm thereby causing the injury and damages complained of herein. The defendant, The State of Illinois, takes the position that the State of Illinois is not liable for the reason that the doctrine of *respondeat superior* does not apply to the State. In the first place the State is not liable for the torts of its officers, agents and employees; also that the State in conducting its institutions, is exercising a governmental function and is not liable for injuries to those it employs; also that the State of Illinois is not responsible for the misfeasance, wrongs or omissions of duty of its officers, agents or servants for it does not guarantee to any person the fidelity of the officers or agents whom it employs.

The claimant contends that he suffered great pain and inconvenience and loss of time in consequence of this injury that he was a diligent and faithful employee. It, however, appears to this Court that while the matter of equity and social justice should be considered, yet

the Court should not be unmindful of the well established rules of law of the State together with all the facts and circumstances surrounding the particular case at issue, it must be admitted that whatever hazard that attended the employment of the claimant was well known to him and with that knowledge he continued in such employment thereby impliedly accepting the possible danger; also that a considerable length of time elapsed before the filing of this claim in this Court, however, it is a rule of this Court even in the absence of legal liability to consider the equity and justice of a proposition. Therefore in view of the former ruling of this Court, the position taken by the honorable Attorney General, and taken into consideration all the evidences in this case, it is ordered that an award for the sum of eight hundred dollars ($800.00) be allowed to the claimant in this case.